**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yolanda Lee, f/k/a Yolanda Wall, Respondent,

v.

Barry L. Wall, Appellant.

Appellate Case No. 2010-160066

Appeal From Richland County
Dorothy Mobley-Jones, Family Court Judge

Unpublished Opinion No. 2012-UP-617
Submitted October 1, 2012 – Filed November 21, 2012

**AFFIRMED AS MODIFIED**

Kathryne Ann Shelton, of Shelton Law Office, PA, of Columbia, for Appellant.

James Howard Swick, of Swick & Hindersman, LLC, of Columbia, for Respondent.

**PER CURIAM:** Barry Wall appeals the family court's order, arguing the family court erred in awarding excessive alimony, attorney's fees, and child support to his ex-wife Yolanda Lee, f/k/a Yolanda Wall. We affirm as modified pursuant to Rule 220(b), SCACR, and the following authorities:

1. We affirm the family court's award of $800 in permanent, periodic alimony to Lee.  *See Bodkin v. Bodkin*, 388 S.C. 203, 215, 694 S.E.2d 230, 237 (Ct. App. 2010) (holding determinations of whether a spouse is entitled to alimony and the amount to be awarded for alimony are within the discretion of the family court); S.C. Code Ann. § 20-3-130(C) (2011) (requiring the family court to consider the following factors in determining whether to award alimony: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; as well as (13) other factors the court considers relevant).

2. We affirm the family court's award of partial attorney's fees to Lee.  *See Lewis v. Lewis,* 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("The decision of whether to award . . . attorney['s] fees, rests in the sound discretion of the family court."); *Bennett v. Rector*, 389 S.C. 274, 284, 697 S.E.2d 715, 720-21 (Ct. App. 2010) ("In deciding whether to award attorney's fees, the family court should consider (1) each party's ability to pay his or her own fees; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fees on each party's standard of living."); *id.* at 284-85, 697 S.E.2d at 721 ("In determining reasonable attorney's fees, the six factors the family court should consider are (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services.").

3. We modify the family court's award of child support from $452 to $203 per month.  We find the family court failed to consider the alimony awarded to Lee as part of her gross income.  S.C. Code Ann. Regs. 114-4720(A)(2) (1997) (providing gross income includes "alimony which a party receives as a result of the current litigation").  Accordingly, we hold Wall should be credited for $7,968 in excess child support he has paid since April 1, 2010 to November 1, 2012.

**AFFIRMED AS MODIFIED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**